# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

JOHN DOE,                                    )
                                             )
         Plaintiff,                          )
                                             )
v.                                           )     NO.: 3:21-CV-10-KAC-DCP
                                             )
WILLIAM BYRON LEE and DAVID B.               )
RAUSCH, *in their official capacities*,      )
                                             )
         Defendants.                         )

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION FOR PRELIMINARY INJUNCTION AND STAYING CASE

This case is before the Court on (1) Plaintiff's "Unopposed Motion for Preliminary Injunction," [Doc. 37], and (2) the Parties' "Joint Motion to Administratively Stay Case Pending Ruling in Sixth Circuit Appeal," [Doc. 38]. In his "Unopposed Motion for Preliminary Injunction," Plaintiff seeks a preliminary injunction "prohibiting Defendants from continuing to enforce" Tennessee's Sex Offender and Violent Sex Offender Registration, Verification and Tracking Act, Tenn. Code Ann. § 40-39-201 (2023), *et seq*. (the "Current Act"), against him in violation of the ex post facto clause [Doc. 37 at 1-2]. And the Parties' "Joint Motion to Administratively Stay" requests a stay of this action "until after the Sixth Circuit rules on the merits of a pending appeal that the Parties believe will directly impact this litigation" [Doc. 38 at 1]. For the reasons stated below, the Court **GRANTS** Plaintiff's Unopposed Motion for Preliminary Injunction, [Doc. 37], and the Parties' "Joint Motion to Administratively Stay Case Pending Ruling in Sixth Circuit Appeal," [Doc. 38], and **STAYS** this case pending the Sixth Circuit's adjudication of *Does # 1-9 v. Lee*, No. 3:21-cv-590, 2023 WL 2335639 (M.D. Tenn. Mar. 2, 2023), *appeal docketed sub nom John Doe #1, et al. v. Lee, et al.*, No. 23-5248 (6th Cir. Mar. 28, 2023).

# I.    BACKGROUND

The Parties previously litigated Defendants' "Motion to Dismiss" [Doc. 13]. And the Court issued a thorough opinion discussing Plaintiff's specific history and the history of Tennessee's sex offender registration laws [*See* Doc. 25 at 3-5]. For efficiency, the Court presumes familiarity with its previous Opinion and the law and facts discussed therein.

## A.  Tennessee's Sex Offender Registration Laws

Beginning with the 1994 enactment of the Sexual Offender Registration and Monitoring Act, 1994 Tenn. Pub. Acts ch. 976 (the "1994 Act"), the Tennessee General Assembly has amended and expanded Tennessee's sex offender registration laws. *See Doe # 1 v. Lee*, 518 F. Supp. 3d 1157, 1170 (M.D. Tenn. 2021) (outlining amendments). Under the 1994 Act, sex offenders were required to register. *See* 1994 Tenn. Pub. Laws, ch. 976. But the 1994 Act did not otherwise impose significant restrictions. Only law enforcement could access the sex offender's registration status and reported information. *See id* § 7(c). And an offender could petition to be removed from the registry ten (10) years after completing his or her sentence. *See id* § 8.

Today, unlike in 1994, the Current Act requires all registrants classified as an "offender against children" to register for life. Tenn. Code Ann. §§ 40-39-201(b)(1), 202(20), 202(30)-(31), 207(g)(2) (2023). The Current Act also requires sex offenders to register and submit a substantial amount of personal information; including home address, phone number, employer address, photographs, and more. *Id.* § 40-39-206(d). This information is generally "considered public information" and is made publicly available on a website. *See id.* The Current Act requires a sex offender to report changes in certain information within forty-eight (48) hours. *Id.* § 40-39-203(a)(1), (4), (6). Failure to comply with the reporting requirements constitutes a Class E felony. *Id.* § 40-39-208(b).

2

Beyond registration and reporting requirements, the Current Act also imposes a number of significant restrictions on a sex offender's movement. Specifically, absent certain exceptions, a sex offender cannot knowingly:

(A) Be upon or remain on the premises of any building or grounds of any public school, private or parochial school, licensed day care center, other childcare facility, public park, playground, recreation center or public athletic field available for use by the general public in this state when the offender has reason to believe children under eighteen (18) years of age are present;

(B) Stand, sit idly, whether or not the offender is in a vehicle, or remain within one thousand feet (1,000') of the property line of any building owned or operated by any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public in this state when children under eighteen (18) years of age are present, while not having a reason or relationship involving custody of or responsibility for a child or any other specific or legitimate reason for being there; or

(C) Be in any conveyance owned, leased or contracted by a school, licensed day care center, other childcare facility or recreation center to transport students to or from school, day care, childcare, or a recreation center or any related activity thereof when children under eighteen (18) years of age are present in the conveyance.

*Id.* § 40-39-211(d)(1), (d)(2), (e). Violations are a Class E felony. *Id.* § 40-39-211(f). The Current Act applies retroactively to a sex offender who was convicted and sentenced under a prior version of the law, subjecting the offender to increased obligations, regardless of the obligations in place when he or she was initially convicted and sentenced. *Id.* §§ 40-39-202(9), 202(20), 203.

**B. Plaintiff's Background**

In 1999, Plaintiff "pled guilty to two counts of rape" of a thirteen (13) year old [Doc. 1 ¶¶ 16, 47]. The Court sentenced Plaintiff to ten (10) years' imprisonment [*Id.* ¶ 17]. When

3

Plaintiff was sentenced, he was subject to the 1994 Act[1] and its limited requirements. *See* 1994 Tenn. Pub. Laws, ch. 976. Plaintiff completed his term of imprisonment in July 2007 [Doc. 1 ¶ 17]. Since then, Plaintiff has been subject to Tennessee's various sex offender registration acts, including the Current Act. Under the Current Act, Plaintiff is classified as an "offender against children," obligating him to register for life [Doc. 1 at 15]. *See* Tenn. Code Ann. §§ 40-39-201(b)(1), 202(20), 202(30)-(31), 207(g)(2) (2023). And Plaintiff alleges that various requirements in the Current Act, that did not exist in the 1994 Act, limit his movement, housing, and parenting options [*See* Doc. 1 ¶¶ 52-60, 68-70, 63-66]

### C. Litigation Background

On March 31, 2023, Plaintiff filed the instant "Unopposed Motion for Preliminary Injunction" [Doc. 37]. Defendants "do not oppose" Plaintiff's Motion for Preliminary Injunction [*Id.* at 1 n.1]. But they "maintain that the [Current] Act does not violate the *Ex Post Facto* Clause," while "recogniz[ing] that *Does # 1-5 v. Snyder*, 834 F.3d 696, 699 (6th Cir. 2016), is binding precedent and that, accordingly, federal district courts in Tennessee have found that the Act violates the *Ex Post Facto* Clause and have frequently granted preliminary and permanent injunctive relief to specific sexual offenders" [*Id.* (citing cases)]. This odd procedural posture is likely explained by the fact that Defendants "are currently appealing one of these permanent injunctions [issued by a Tennessee district court] before the Sixth Circuit" [*Id.*].

Contemporaneously, the Parties filed a "Joint Motion to Administratively Stay Case Pending Ruling in Sixth Circuit Appeal" [Doc. 38]. In that "Joint Motion to Administratively Stay," the Parties ask the Court to stay this case pending the outcome of *John Doe #1, et al. v. Lee,*

---

[1] A 1997 amendment made sex offender registry information public for offenses committed after July 1, 1997. *See* Tenn. Pub. Acts, ch. 461, § 2. But because Plaintiff's conviction was for offenses occurring prior to July 1, 1997, his registry information remained confidential.

*et al.*, No. 23-5248 (6th Cir. Mar. 28, 2023) [*Id.* at 1-2]. The Parties agree that (1) *John Doe #1, et al. v. Lee, et al.*, No. 23-5248 (6th Cir. Mar. 28, 2023) may impact "the litigation and analysis in this case" and (2) "it would be the most efficient use of party and judicial resources to stay this case pending the Sixth Circuit's ruling" [*Id.* at 2]. This case is currently scheduled for trial to begin on August 22, 2023 [*See* Doc. 33 at 1]. And the Parties are subject to various upcoming deadlines [*See* Docs. 33 at 2, 21].

## II.     UNOPPOSED MOTION FOR PRELIMINARY INJUNCTION

As an initial matter, even though Defendants do not oppose Plaintiff's Motion for Preliminary Injunction, the Court must examine Plaintiff's Motion because "a preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). The standard for a preliminary injunction is an exacting one. The Court considers "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Union Home Mortg. Corp. v. Cromer*, 31 F.4th 356, 365-66 (6th Cir. 2022) (quoting *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc) (per curiam)). "While no single factor necessarily is dispositive, the first—the likelihood of success—in many instances will be the determinative factor." *Dahl v. Bd. of Tr. Of W. Mich.*, 15 F.4th 728, 730 (6th Cir. 2021) (citations omitted).

### A.  Plaintiff has Demonstrated a Likelihood of Success on the Merits.

The Constitution provides that "[n]o State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10, cl. 1. An ex post facto law is one that "disadvantage[s] the offender affected by

it . . . by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (citation omitted). A state violates the Ex Post Facto Clause when it enacts a law that "inflicts a greater punishment, than the law annexed to [a] crime, when committed." *Id.* (quoting *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390 (1798)); *see also Smith v. Doe*, 538 U.S. 84, 92 (2003).

To determine whether a law violates the Ex Post Facto Clause, the Court examines (1) "whether the statutory scheme is 'so punitive either in purpose or effect as to negate [the State's] intention' to deem it 'civil;'" *Smith*, 538 U.S. at 92 (quoting *United States v. Ward*, 448 U.S. 242, 248-49 (1980)); and (2) "the practical effect of the challenged provisions" of the law; *Doe v. Bredesen*, 507 F.3d 998, 1004 (6th Cir. 2007). Courts in the Sixth Circuit consider five factors to determine whether the purpose or effect of a law is punitive in nature: (1) whether "the law inflict[s] what has been regarded in our history and traditions as punishment;" (2) whether "it impose[s] an affirmative disability or restraint;" (3) whether "it promote[s] the traditional aims of punishment;" (4) whether "it [has] a rational connection to a non-punitive purpose;" and (5) whether "it [is] excessive with respect to this purpose." *Does #1-5 v. Snyder*, 834 F.3d 696, 701 (6th Cir. 2016) (citations omitted). These factors are "'neither exhaustive nor dispositive' . . . but are 'useful guideposts.'" *Smith*, 538 U.S. at 97 (internal citations omitted).

In *Does #1-5 v. Snyder*, the Sixth Circuit rejected application of Michigan's Sex Offender Registration Act—which is substantially analogous to Tennessee's Current Act in text and history—as violative of the Ex Post Facto Clause. *See* 834 F.3d 696, 706 (6th Cir. 2016). *Snyder* is binding Sixth Circuit precedent, and Tennessee's sex offender registration regime is so similar to the Michigan regime at issue in *Snyder* that "[v]irtually every observation that the Sixth Circuit made about the Michigan regime could be made about [Tennessee's Current] Act with, at most,

6

minimal tweaking." *See Reid v. Lee*, 476 F. Supp. 3d 684, 706 (M.D. Tenn. 2020); *see also Doe v. Rausch*, No. 1:22-CV-01131-STA-JAY, 2023 WL 25734, at *12 (W.D. Tenn. Jan. 3, 2023) ("The Court finds that Sixth Circuit's decision in *Snyder*, and many of its observations about Michigan's SORA, control the result in this case.").

Bound by *Snyder*, Tennessee's sex offender registration regime, as applied to Plaintiff, likely violates the Ex Post Facto Clause. The Tennessee Legislature has expressed its intent that the purpose of Tennessee's sex offender registration law is civil, not punitive. *See Bredesen*, 507 F.3d at 1003-4. But the Court must still analyze the practical effect of the regime. *Id.* at 1004. Much judicial ink has already been spilled on the topic. And the lack of any disagreement among the Parties is telling. As long as *Snyder* stands, Tennessee's sex offender registration regime would likely suffer the same fate as Michigan's regime as it applies to Plaintiff. *See Craig v. Lee*, 2023 WL 2505896, *1-2 (M.D. Tenn. Mar. 14, 2023), *Doe #11 v. Lee*, 609 F. Supp. 3d 578, 598 (M.D. Tenn. 2022) ("The question of whether Tennessee's *ex post facto* application of its sexual offender requirements to individuals like [Plaintiff] is illegal under *Snyder* may not be entirely beyond debate, but the issue has been addressed so clearly and so many times that the court assumes that all of the attorneys and government officials involved understand the basic jurisprudential lay of the land." (citation omitted)); *Reid*, 476 F. Supp. 3d at 708. Accordingly, under prevailing precedent, Plaintiff has demonstrated a likelihood of success.

**B. The Other Preliminary Injunction Factors Do Not Militate Against An Injunction.**

With a likelihood of success, the other factors do not militate against the issuance of a preliminary injunction here. The Sixth Circuit has suggested that "if it is found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated." *Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001). At the least, "irreparable injury is presumed." *Am.*

*Civil Liberties Union Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 649 (6th Cir. 2015) (quoting *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012)). There is undoubtedly a risk that Plaintiff may harm a child if he is no longer subject to the Current Act's registration and reporting requirements, but that risk and the weight of that risk is unknown on this record. And "the public interest is served by preventing the violation of constitutional rights." *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 436 (6th Cir. 2004). "[W]hile many . . . sex offenses involve abominable, almost unspeakable, conduct that deserves severe legal penalties, punishment may never be retroactively imposed or increased" under the Constitution. *Snyder*, 834 F.3d at 705. Accordingly, the Court grants Plaintiff's "Unopposed Motion for a Preliminary Injunction."

## III.  JOINT MOTION TO ADMINISTRATIVELY STAY CASE [DOC. 38]

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). But "a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Couns. v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). The court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55 (citations omitted).

Here, a stay of this action until the Sixth Circuit adjudicates *John Doe #1, et al. v. Lee, et al.*, No. 23-5248 (6th Cir. Mar. 28, 2023), is warranted. Proceeding with the current schedule would put the Parties in the difficult position of expending time and effort to prepare for trial while the Sixth Circuit is considering a potentially dispositive legal issue of Constitutional import. A stay, coupled with the preliminary injunction issued contemporaneously, will therefore benefit all

8

Parties. A stay will also allow the Court to efficiently "control the disposition of the causes on its docket." *See Landis*, 299 U.S. at 254. This will result in "economy of time and effort" for the Parties, counsel, and the Court. *See id.* Accordingly, the Court stays this action until the Sixth Circuit adjudicates *John Doe #1, et al. v. Lee, et al.*, No. 23-5248 (6th Cir. Mar. 28, 2023).

## IV. CONCLUSION

The Court **GRANTS** Plaintiff's "Unopposed Motion for Preliminary Injunction" [Doc. 37]. Plaintiff **MUST** be removed from Tennessee Sex Offender Registry. And the Court **ENJOINS** Defendants from enforcing the Sex Offender and Violent Sex Offender Registration, Verification and Tracking Act, Tenn. Code Ann. § 40-39-201, *et seq*., against Plaintiff, **effective on the date of this Memorandum Opinion and Order**.

Further, the Court **STAYS this action** until the Sixth Circuit adjudicates *John Doe #1, et al. v. Lee, et al.*, No. 23-5248 (6th Cir. Mar. 28, 2023). All hearings and deadlines are **STAYED** pending further order of the Court. The **Parties SHALL file a joint status update at least every ninety (90) days** following the issuance of this Memorandum Opinion and Order. And within **seven (7) days** of the Sixth Circuit's adjudication of *John Doe #1, et al. v. Lee, et al.*, No. 23-5248 (6th Cir. Mar. 28, 2023), the Parties **SHALL jointly** file a Notice of the adjudication. Within **twenty-one (21) days** of the Sixth Circuit's adjudication of *John Doe #1, et al. v. Lee, et al.*, No. 23-5248 (6th Cir. Mar. 28, 2023), the Parties **SHALL jointly** file a status report addressing any impact the Sixth Circuit's adjudication may have on this case. **No status report may exceed five (5) pages in length.**

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge