UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOHN DOE,                                  )
                                           )
              Plaintiff,                   )
                                           )
v.                                         )          3:21-CV-10-KAC-DCP
                                           )
DAVID B. RAUSCH, et al.;                   )
                                           )
              Defendants.                  )

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTIONS TO DISSOLVE PRELIMINARY INJUNCTIONS IN PART**

This action is before the Court on Defendant David Rausch's "Motion to Dissolve

Preliminary Injunctions" [Doc. 55].  For the reasons below, the Court grants the Motion in part.

I.      **Background**

In 1999, Plaintiff John Doe was convicted of two counts of rape [*See* Doc. 61¶ 18].  His

convictions subjected him to Tennessee's then-operative Sexual Offender Registration and

Monitoring Act (SORMA) [*See id.* ¶ 21].  *See* 1994 Tenn. Pub. Acts Ch. 976.

SORMA required sex offenders—the only category of offender established—to send the

Tennessee Bureau of Investigation (TBI) a form detailing their personal information within ten

(10) days of certain events and every ninety (90) days thereafter.  *See id.* §§ 3, 4, 5.  After ten (10)

years, a sex offender could petition for relief from these requirements and expungement of his sex

offender reports.  *See id.* § 8.  SORMA specified when such relief was appropriate.  *Id.*  SORMA

also required TBI to maintain a "centralized record system of sexual offender registration and

verification" and "promptly report" that information to the law enforcement agency local to an

offender's residence or workplace.  *See id.* § 7.

In 2004, Tennessee replaced SORMA with the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act. *See* 2004 Tenn. Pub. Acts Ch. 921. The Tennessee legislature has amended that law since then. *See Doe #1-9 v. Lee*, 102 F.4th 330, 334 (6th Cir. 2024) ("*Does II*"[1]) (summarizing many of these developments). For clarity, the Court refers to Tennessee's currently-operative sex offender law as "SORVTA."

SORVTA classifies each sex offender as a (1) "sexual offender," (2) "violent sexual offender," (3) "offender against children," and/or (4) "violent juvenile sexual offender" based on the offense(s) of conviction, offender's age, and victim's age. *See* Tenn. Code Ann. § 40-39-202(10), (19), (29), (30).

Because of Plaintiff's offense of conviction and his victim's age, he is classified as a "violent sexual offender" and an "offender against children," and he must comply "with the registration, verification and tracking requirements" of SORVTA for life [*See* Doc. 61 ¶ 104]. *See* Tenn. Code Ann. § 40-39-207(g)(2)(C). Plaintiff must report to a "designated law enforcement agency" in-person four (4) times a year to be fingerprinted and photographed and to verify his personal information. *See id.* § 40-39-204(b)(1). He must also pay a $150 fee annually for these services. *See id.* §§ 40-39-204(b)(1). "Designated law enforcement agency" means the "law enforcement agency that has jurisdiction" over an offender's residence, workplace, or school. *Id.* § 40-39-202(2). Plaintiff must inform TBI within forty-eight (48) hours of any change to his residence, employment, or required personal information; becoming a student; or moving out of

---

[1] The Parties refer to this decision as "*Doe II*" or "*Does II*" [*See, e.g.*, Docs. 55 at 1, 71 at 2]. The Parties use "*Does I*" to refers to the district court decision that begot *Does II* [*See* Docs. 55-1 at 9, 71 at 4]. *See Doe #1-9 v. Lee*, 659 F. Supp. 3d 865 (M.D. Tenn. 2023), *aff'd in part and rev'd in part in Does II*, 102 F.4th 330. The Court adopts the same practice here.

2

Tennessee. *See id.* § 40-39-203(a). He must also report any establishment of or change to an email address or online social networking account within three (3) days. *See id.* § 49-39-203(a)(7).

SORVTA also restricts a sex offender's geographical movement. It prohibits a sex offender from residing or working within 1,000 feet of a school, childcare facility, or public park. *See id.* § 40-39-211(a)(1). A sex offender cannot reside or "be alone . . . in a private area" with a child who is not his own. *Id.* § 40-39-211(c)(1), (k)(2). He cannot "[b]e upon or remain on the premises of" a school, childcare facility, or park if he "has reason to believe children . . . are present" or "[s]tand, sit idly, . . . or remain within" 1,000 feet of such a place without "having a reason or relationship involving custody of or responsibility for a child or any other specific or legitimate reason for being there." *Id.* § 40-39-211(d)(1)(A), (B). A violation of the reporting and tracking requirements or geographical restrictions is generally a felony, with escalating penalties for each violation. *See id.* §§ 40-39-208, 49-39-211.

TBI maintains a sex offender's personal information and DNA samples and publishes a public registry of information regarding sex offenders. *See id.* §§ 40-39-203(n); 49-39-204(a), (d); 49-39-206(a), (b). The law also charges TBI with classifying a sex offender as a "as a sexual offender, violent sexual offender, or violent juvenile sexual offender" or "an offender against children." *See id.* § 40-39-218. "[I]n classifying an offender," the TBI "may rely on investigative reports; files of a United States attorney, district attorney general, or other prosecutorial entity; court records; or other credible information." *Id.* at §40-39-218(b).

TBI must provide certain information to law enforcement agencies and schools near where an offender resides. *See id.* § 40-39-214(a). TBI also promulgates rules for local law enforcement agencies regarding SORVTA and provides registration forms that a sex offender must complete. *See id.* §§ 40-39-203(i), 49-39-206(f). TBI may disclose certain information regarding a sex

3

offender's internet activities to "a business organization that offers electronic communication or remote computing services" for certain purposes and provided it remains private. *See id.* § 40-39-203(m). TBI must inform local law enforcement agencies and prosecutors "[w]henever there is a factual basis to believe that an offender has not complied" a SORVTA requirement. *Id.* § 40-39-206(b). And it must "provide the requesting agency with certified copies of specified records being maintained in the registry" for prosecution of a violation. *Id.* § 40-39-208(h).

In January 2021, Plaintiff filed a Complaint against Governor Bill Lee and TBI Director David B. Rausch [Doc. 1]. The Complaint challenged: (1) the retroactive application of SORVTA under the Ex Post Facto Clause and Fourteenth Amendment Due Process Clause, (2) SORVTA's restrictions on Plaintiff's rights to travel, work, and raise children under the Due Process Clause, (3) SORVTA's requirement that Plaintiff "report information about his Internet accounts and activity to law enforcement" under the First Amendment, (4) the imposition of "criminal liability" for "passive conduct" under the Due Process Clause, and (5) the purported vagueness and impossibility of some of SORVTA's restrictions under the Due Process Clause [*See id.*]. The Complaint sought injunctive relief against the retroactive application of SORVTA [*See id.*].

Plaintiff later filed an "Unopposed Motion for Preliminary Injunction," seeking a preliminary injunction based only on his Ex Post Facto Clause claim [*See* Doc. 37 at 2]. He asked the Court to "enter a preliminary injunction ordering that Plaintiff be removed from the [Sex Offender] Registry and prohibiting Defendants from retroactively enforcing the SORVTA against him" [*See id.* at 5]. Governor Lee and Defendant Rausch "maintain[ed] that the Act [did] not violate the *Ex Post Facto* Clause" [*See id.* at 1 n.1]. But they did "not oppose Plaintiff's request for a preliminary injunction" while they appealed an injunction in *Doe I* to the United States Court

of Appeals for the Sixth Circuit [*See id.*]. The Parties also filed a "Joint Motion to Administratively Stay Case" pending that appeal [Doc. 38].

The Court granted both motions [Doc. 41]. The Court granted a preliminary injunction only as to the Ex Post Facto Clause claim [*See id.* at 5-7]. The Court ordered that Plaintiff "be removed from Tennessee Sex Offender Registry" and "[e]njoin[ed] Defendants from enforcing the Sex Offender and Violent Sex Offender Registration Verification and Tracking Act" against him [*See id.* at 9]. The Court also stayed this case pending a decision in *Does II* [*See id.*].

On May 15, 2024, the Sixth Circuit decided *Does II*. *See* 102 F.4th 330. Based on that ruling, Governor Lee and Defendant Rausch filed the instant "Motion to Dissolve Preliminary Injunctions" [Doc. 55].

Thereafter, Plaintiff filed an Amended Complaint [Doc. 61]. The Amended Complaint challenges the retroactive application of the same provisions of SORVTA as the original Complaint [*Compare* Doc. 61 at 17-34, *with* Doc. 1 at 17-35]. It brings the same original eight (8) claims and a claim that Tennessee's retroactive application of SORVTA is a breach of Plaintiff's plea agreement and a violation of due process [*See* Doc. 61 at 41-45]. The Amended Complaint also adds "factual allegations" about "TBI's role in Maintaining and Enforcing" SORVTA [*See id.* at 34-41]. The Amended Complaint removes Governor Lee as a defendant but adds Knox County Sheriff Tom Spangler, Knoxville Police Department Chief Paul Noel, and Knox County District Attorney Charme Allen [*See id.* at 6-7].

After filing the Amended Complaint, Plaintiff opposed the Motion to Dissolve the Preliminary Injunctions [Doc. 71]. Defendant Rausch, now the only defendant who was subject to the preliminary injunction, replied [Doc. 85].

5

## II.    <u>Analysis</u>

To start, the Court must modify its preliminary injunction based on the significant change in the law espoused in *Does II*.  *See Doe v. Lee*, 137 F.4th 569, 577-78 (6th Cir. 2025) ("*Doe III*").  As the Sixth Circuit confirmed in *Doe III*,  *Does II* "changed the law" on which the preliminary injunction rested.  *Id.* at 578.  And following that change, the Court must modify its injunction to conform to *Does II*.  *See id*. at 579.

A preliminary injunction "is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  Courts "consider four factors: (1) the plaintiff's likelihood of success on the merits; (2) the risk of irreparable harm to the plaintiff in the absence of an injunction; (3) the risk that an injunction will harm others; and (4) the broader public interest."  *PCC Airfoils, LLC v. Daugherty*, 176 F.4th 509, 512-13, (6th Cir. 2026) (citing *Winter*, 555 U.S. at 20).  "When a case turns on a potential constitutional violation, 'the likelihood of success on the merits often will be the determinative factor.'"  *Boddy v. Grech*, 178 F.4th 264, 272 (6th Cir. 2026) (quotation omitted).  A preliminary injunction "should not issue relief that extends further than necessary to remedy the plaintiff's injury."  *L.W. by and through Williams v. Skrmetti*, 83 F.4th 460, 490 (6th Cir. 2023) (quotation omitted).  Because the Court only granted a preliminary injunction as to Plaintiff's Ex Post Facto Clause claim, [*see* Docs. 37 at 2, 41 at 5-7], and Defendant Rausch is the only remaining defendant against whom the injunction issued, the Court limits its analysis accordingly.

Under Article 1 of the Constitution, "[n]o State shall . . . pass any . . . ex post facto Law."  U.S. Const. art. 1 § 10.  This provision "forbids the application of any new punitive measure to a crime already consummated."  *Kansas v. Hendricks*, 521 U.S. 346, 370 (1997) (quotation omitted).  Assessing whether a law's requirements are punitive "is a matter of statutory interpretation which

6

looks first to the legislature's stated intent and then to various objective factors to deduce the character of the legislation." *Does II*, 102 F.4th at 336 (citing *Doe v. Bredesen*, 507 F.3d 988, 1003-04 (6th Cir. 2007)). Courts often apply a seven (7) factor test. *See Smith v. Doe*, 538 U.S. 84, 97 (2003) (citing *Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 168-69 (1963)). But because the intersection of the Ex Post Facto Clause and Tennessee's sex offender statutes is well-trod ground, the Court starts with the most relevant binding precedent—*Does II*.

As *Does II* summarized, SORTVA generally "does three things." *See Does II*, 102 F.4th at 334. First, it establishes "reporting rules which require registrants to appear in-person quarterly at a local law enforcement agency and update information." *Id.* Second, it requires TBI to "publish[] this information . . . for public use." *See id.* Third, it restricts a sex offender's "geographical movement, particularly where they can live, work, and stay." *See id.*

*Does II* held that the "registration, reporting, and surveillance components" of Tennessee's statutory regime would not have been "traditionally considered as a punishment"—hence no Ex Post Facto violation. *See id.* at 339 (quoting *Bredesen*, 507 F.3d at 1005). "So, a registry kept by the state and disclosed publicly is constitutionally sound." *Id.* at 339 (citing *Smith*, 538 U.S. at 90-91). But "[a] regulatory regime that severely restricts where people can live, work, and 'loiter,'" or that "categorizes them [sex offenders] into tiers ostensibly corresponding to present dangerousness without any individualized assessment thereof," *see id.* at 339-40 (quoting *Does #1-5 v. Snyder*, 834 F.3d 696, 705 (6th Cir. 2016)), "may not be retroactively enforced upon" a sex offender, *id.* at 340. The Court expressly noted that "to the extent [TBI Director Rausch's] office categorizes registrants based on the crime of their conviction and without an individualized assessment, that function may be questionable under *Snyder*." *Id.* at 342 (citing *Snyder*, 834 F.3d at 705)). On remand, the Sixth Circuit instructed the district court to "look at each restriction" in

SORTVA, "compare it to the guidance issued in *Smith, Cutshall* [*v. Sundquist*], *Bredesen*, and *Snyder*, apply the *Mendoza-Martinez* factors when those cases come up short, and issue a remedy tailored to the statute." *See id.* at 341.

After *Does II*, the preliminary injunction in place against Defendant Rausch is too broad. *See* 102 F.4th at 339-342. Plaintiff is only likely to succeed on his claim that TBI's categorical classification of him as an "offender against children" without an individual assessment coupled with TBI's publication of that classification violates the Ex Pose Facto Clause.[2] And because he is likely to show that a Constitutional right has been violated, "irreparable injury is presumed." *See Am. Civil Liberties Union Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 649 (6th Cir. 2015) (cleaned up).

SORTVA charges TBI with classifying a sex offender as "an offender against children," and that classification is published. *See* Tenn. Code Ann. § 40-39-218(a). That requirement postdates Plaintiff's 1999 convictions. SORTVA allows the TBI to "rely on" certain records and evidence, but it does not require the TBI to consider that evidence or conduct an individualized assessment of the sex offender. *See id.* at § 40-39-218(a), (b). And the term "offender against children" continues to be defined categorically based on the offense of conviction and the age of the victim. *See id.* § 40-39-202(10), (19), (28)(A), (30). Like in *Synder*, the publication of the classification "offender against children" without "providing for an individualized assessment" resembles "traditional shaming punishments." *Snyder*, 834 F.3d at 702. Here, Plaintiff is likely to succeed on a claim that this precise restriction violates the Ex Post Facto Clause. And because

---

[2] Defendant Rausch represents that he "no longer publishes the 'sex offender' and 'violent sex offender' classifications" on TBI's sex offender website [Doc. 55-1 at 10 n. 3]. And Plaintiff does not challenge that representation [Doc. 71 at 8]. What is not published does not create a potential punishment.

8

Defendant Rausch's authority and obligation to classify offenders and publish that information likely violates federal law, he likely does not have sovereign immunity from Plaintiff's claim. *See Puckett v. Lexington-Fayette Urban Cnty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016).[3]

This is not to say that TBI could not publish information about Plaintiff's rape convictions that is already in the public record, including information (if available) showing that his victim was twelve (12) years of age or less [*See* Doc. 55-1 at 16-17]. And Tennessee might be right to publicly classify Plaintiff as an "offender against children" after an individualized assessment of his crimes even if that classification causes shame. But it is the precise categorical classification of an individual corresponding to dangerousness, based on an offense of conviction without an individualized assessment that failed in *Synder*. *See Snyder*, 834 F.3d at 702, 705. And it likely exists here too.

But Plaintiff is not likely to succeed against Defendant Rausch on his Ex Post Facto challenge to other SORVTA requirements. ***First***, *Does II* forecloses Plaintiff's challenge to the registration and reporting requirements as it applies to Director Rausch. Under *Does II*, Defendant Rausch's role in "designing and issuing the forms which registrants use to report their information, creating and maintaining the registry database, disseminating that information to prosecutors and law enforcement, facilitating other agencies' entry of new data into the registry, and managing the repository of original registry forms" "fall[s] squarely within the legitimate regulatory scheme which Tennessee is constitutionally allowed to provide and maintain." 102 F.4th at 341 (internal citations omitted). To the extent Defendant Rausch is otherwise involved in the "registration,

---

[3] At this preliminary stage, the Court need only determine that Defendant Rausch is likely amenable to suit. *See Mullin v. Doe*, 609 U.S. ---, 2026 WL 1825840, *11 (2026). Like the Court's assessment of the merits of Plaintiff's claim, this is not a final determination. *See id.*; *Trump v. Int'l Refugee Assistance Project*, 582 U.S. 571, 580 (2017).

reporting, and surveillance components" of SORVTA, those activities are "constitutionally sound" too. *See id.* at 339.

*Second*, to obtain injunctive relief, Plaintiff must show "actual present harm or a significant possibility of future harm." *See Binno v. Am. Bar Ass'n*, 826 F.3d 338, 344 (6th Cir. 2016); *see also Friends of George's, Inc. v. Mulroy*, 108 F.4th 431, 435 (6th Cir. 2024). TBI has the authority to promulgate regulations regarding the enforcement of SORVTA. *See* Tenn. Code Ann. § 40-39-206(f). And Plaintiff alleges that TBI helps local officers enforce SORVTA in less formal ways and publicizes these efforts [*See* Doc. 61 ¶¶ 191-203]. But there is no evidence that any regulation or coordination presents "actual present harm or a significant possibility of future harm to" Plaintiff. *See Binno*, 826 F.3d at 344. So, Plaintiff is not likely to succeed in his claim for injunctive relief on this basis. Plaintiff also argues that if not for his classification, he could petition for removal from the sex offender registry [*See* Doc. 71 at 11]. But this Court cannot speculate that Tennessee would remove Plaintiff from the registry if he were eligible to be considered for removal. *See Doe v. Rausch,* 461 F. Supp. 3d 747, 778 (E.D. Tenn. 2020).

*Third*, Defendant Rausch is not authorized to enforce the other provisions of SORVTA Plaintiff specifically challenges. Those laws "prohibiting [offenders] from living, working, and traveling within certain areas are enforced by a diffusion of state officers and prosecutors,"[4] not Defendant Rausch. *See Does II*, 102 F.4th at 341. And he "cannot be enjoined from enforcing provisions of the Act which he does not enforce." *See id.* at 342. Resisting this conclusion, Plaintiff relies on *Doe v. DeWine* to argue that Defendant Rausch's overall role in Tennessee's sex offender scheme supports the injunction [*See* Doc. 71 at 16-17 (citing 921 F.3d 842, 848 (6th Cir.

---

[4] Plaintiff added some of these potential officers in his Amended Complaint, but those officers are not party to the Court's preliminary injunction [*See* Doc. 41 at 9].

10

2018))]. "But *DeWine* does not mean" the Court can "skip Tennessee's typical elision analysis." *Does II*, 102 F.4th at 340. Instead, the Court "must look at each restriction," determine whether Defendant Rausch enforces that restriction (a potential standing issue), and decide whether the restriction may be applied retroactively. *See id.* at 341-42.

And the other equitable factors cannot save the failure to show likelihood of success on these other portions of the preliminary injunction. A state is irreparably harmed if its duly-enacted and constitutional statutes are enjoined. *See Doe III*, 137 F.4th at 576. And it is in the public interest to allow duly-enacted and constitutional statutes to be enforced.

## III. Conclusion

For the above reasons, the Court **GRANTS** Defendant David B. Rausch's "Motion to Dissolve Preliminary Injunctions" [Doc. 55] **in part**. The Court **ENJOINS** Defendant Rausch from publicly publishing Plaintiff's classification as an "offender against children." Otherwise, the Court **DISSOLVES** the preliminary injunction [*See* Doc. 41].

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge

11